NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LEAH R.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, U.M., D.M., D.M., I.F.,
*Appellees.*

No. 1 CA-JV 16-0040
FILED 8-4-2016

Appeal from the Superior Court in Maricopa County
No.  JD 28648
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Daniel R. Huff
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

¶1        Leah R. (Mother) appeals the court's termination of her parental rights to her four children; U.M., D.L.M., D.R.M., and I.F. (the Children).[1]  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In July 2014, Department of Child Safety (DCS) initiated dependency proceedings as to Mother, alleging that the Children were dependent due to abuse and neglect.  A year later, DCS filed a motion for severance, alleging abandonment, inability to discharge parental duties due to substance abuse, and the Children's length of time in care.

¶3        After a contested severance hearing the court took the matter under advisement, and subsequently severed Mother's rights on the grounds she could not care for the Children as a result of substance abuse and length of time in care.  The court also found DCS proved by a preponderance of the evidence that severance was in the Children's best interests.  Mother timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 8-235.A, 12-120.21.A.1 and -2101.A (West 2016).[2]

## DISCUSSION

¶4        Mother argues the court erred in terminating her parental rights but does not challenge the court's determination that severance was in the Children's best interests.  We therefore do not address best interests.

---

[1]        DCS also terminated the parental rights of the Children's respective Fathers.  None of the Fathers are party to this appeal.

[2]        We cite to the current version of applicable statutes absent any change material to this decision.

**¶5** A parent-child relationship can be terminated when the court finds at least one of the statutory grounds for severance and determines that severance is in the child's best interests. A.R.S. § 8-533.B; *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). We review a court's severance determination for an abuse of discretion, adopting its findings of fact unless clearly erroneous. 207 Ariz. at 47, ¶ 8. A court's severance determination will be upheld unless there is no evidence to sustain the court's ruling. *Id.* Under A.R.S. § 8-533.B.3, a parent's rights can be terminated when the parent is "unable to discharge parental responsibilities" as a result of substance abuse and "there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." *See also Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 15 (App. 2010).

**¶6** Mother argues there was insufficient evidence that she could not discharge her parental duties and no grounds that her substance abuse issues would continue because "she has demonstrated that she is amenable to rehabilitative services."

**¶7** In making the determination to terminate Mother's rights, the court found that Mother had "a pronounced history of alcohol abuse and a notable history of substance abuse." The court further found that, as a result of Mother's substance abuse, "Mother has not been able to meet the needs of the [C]hildren and there is no basis to conclude that she will be able to do so consistently in the future." The court also found "the totality of the evidence creates a reasonable belief that the chronic substance and alcohol abuse will continue."

## I. Inability to Discharge Parental Responsibilities

**¶8** When determining whether a parent can discharge parental responsibilities, the court must consider how the substance abuse hinders the parent's ability to be an effective parent. *Raymond F.*, 224 Ariz. at 377-78, ¶ 19. In making this finding, the court has flexibility to consider the circumstances of each case. *Id.* at 378, ¶ 20.

**¶9** The record supports the court's finding that Mother was unable to discharge her parental responsibilities as a result of substance abuse. At the contested severance hearing the DCS case manager testified that in 2008, Mother was referred to DCS because one of the Children was born exposed to substances. Then in 2013 Mother was again referred to DCS because of allegations Mother was abusing illegal substances and neglecting to properly care for the Children. Finally, in 2014 DCS took the

Children into custody after it received reports that the Children "were being left out for long hours every day without access to food or water" and that they were exposed to illegal substances.

**¶10** Despite DCS involvement and a requirement that she submit to drug testing and treatment, Mother continued to test positive for substances. She also failed to bring appropriate supplies to care for the Children during visits. Mother's visits with the Children were terminated after she failed to engage in parenting services offered to her. Also, the court found that substance abuse "impairs judgment and would place the [C]hildren at risk of not having even their basic needs met." On this record, we cannot say the court erred in finding Mother could not discharge her parental responsibilities due to substance abuse.

## II. Reasonable Belief Chronic Substance Abuse Will Continue

**¶11** Evidence sufficient to support a finding that a substance abuse issue will continue may include the parent's history of drug use and failure to complete or engage in offered services. *Raymond F.*, 224 Ariz. at 378-79, ¶¶ 26-29. A parent's failure to abstain from substances despite a pending severance is "evidence [the parent] has not overcome [the] dependence on drugs and alcohol." *Id.* at 379, ¶ 29. The court here found that Mother's history of abuse dated back to her adolescence. Mother was reported to DCS on at least two prior occasions, and both allegations included reports Mother used illegal substances, impairing her ability to care for the Children. The DCS case manager reported that Mother's failure to comply with substance abuse testing resulted in termination of her referral for treatment for non-compliance. When Mother did submit to testing, she tested positive for illicit substances and alcohol; she tested positive for marijuana as recently as August 2015 and alcohol in October 2015. The case manager reported that Mother's positive test from October was particularly concerning because she had a history of chronic alcohol abuse, and Mother reported that she was pregnant at that time.

**¶12** Although Mother contends she is "amenable" to services, she admitted she did not consistently submit to substance testing and failed to promptly reinitiate services terminated as a result of her non-attendance. The court found that, at best, Mother had two months of sobriety at the time of the severance trial. The court did not err in finding Mother's substance abuse issues were likely to continue.

**¶13** When clear and convincing evidence supports at least one of the grounds for severance, we need not address the other reasons for

severance. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002). In affirming the court's severance pursuant to A.R.S. § 8-533.B.3, we need not discuss Mother's arguments related to the other ground for severance. *See id.*

## CONCLUSION

**¶14** For the foregoing reasons, we affirm the court's severance of Mother's rights to the Children.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA